117 F.3d 1426
 1997-2 Trade Cases P 71,920
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Knowlton P. RICE; Arlene Bagshaw; Frank Bagshaw; Dorothy
F. Baker; Susan F. Baker; Joseph E. Ball; Rene Biane;
Barbara Biane, Margaret R. Black Trust; Earl A. Brown; May
W. Brown; Rosemary Schubert; Kathleen Butcher Estate;
Richard P. Carlson; Margot R. Carlson; David Carlson;
Clinton C. Doughty; Catherine Betts-Doughty; Margaret J.
Edmonson; Juan Y. Forster; Ralph Woodhouse; Wade Forsyth;
L. Claudette France; Robert J. Gingell; Dudley Greer;
Roland Grubb; Kathleen Grubb; George R. Hensel; Frank R.
Hill; Gair Humiston; Margaret Wu; Paul W. Humiston;
Shirley Humiston; etc., et al., Plaintiffs-Appellants,
v.
TREASURE ISLAND ASSOCIATES; MLH Income Realty Partnership
VI, The Loren Realty Investment Company, Inc.;
Richard C. Hall; Merrill Lynch;
Defendants-Appellees.
 No. 96-55067.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1997.
Decided July 2, 1997.
 
 1
 Before BROWNING and SCHROEDER, Circuit Judges, and RESTANI, Judge**
 
 
 2
 MEMORANDUM*
 
 
 3
 Plaintiffs-appellants Knowlton P. Rice, et al. ("Tenants" or "appellants") are tenants of Treasure Island, a mobile home park owned by defendant-appellee Treasure Island Associates ("TIA"). Appellants claim that certain aspects of TIA's operation and closure of the park violate federal antitrust laws. The Tenants appeal the district court's dismissal of their first amended complaint without leave to amend for lack of standing and failure to state a claim under federal antitrust laws.
 
 
 4
 Section 4 of the Clayton Act permits recovery of treble damages by "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15(a). Despite the broad language of Section 4, "Congress did not intend to provide a private remedy for all injuries that might conceivably be traced to an antitrust violation." Bubar v. Ampco Foods, Inc., 752 F.2d 445, 448 (9th Cir.1985) (citing Blue Shield of Virginia, Inc. v. McCready, 457 U.S. 465, 472-80 (1982)). The Supreme Court has laid out several factors courts are to consider in determining whether a plaintiff has standing under Section 4, which are as follows:
 
 
 5
 (1) the nature of the plaintiff's alleged injury--whether it was the type the antitrust laws were intended to forestall,
 
 
 6
 (2) the directness of the injury,
 
 
 7
 (3) the speculative measure of the harm,
 
 
 8
 (4) the risk of duplicative recovery, and
 
 
 9
 (5) the complexity in apportioning damages.
 
 
 10
 Id. (citing Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 538-45 (1983)). Antitrust standing requires a case-by-case analysis of "the plaintiff's harm, the alleged wrongdoing by the defendants, and the relationship between them." Amarel v. Connell, 102 F.3d 1494, 1507 (9th Cir.1997) (quoting Associated Gen. Contractors, 459 U.S. at 535). Although a court must balance the factors, as no single factor is decisive and a favorable finding in each and every factor is not a necessary precondition to finding antitrust standing, the nature of the plaintiff's alleged injury is of "tremendous significance" in determining whether a plaintiff has standing. Id. (quoting Bhan v. NME Hospitals. Inc., 772 F.2d 1467, 1470 n. 3 (9th Cir.1985)).
 
 
 11
 The Tenants' allegations of antitrust injury are as follows: (1) as competitors, the Tenants were injured by TIA's low prices for renting spaces and coaches together, and (2) as consumers, the Tenants were injured by TIA's high prices for spaces alone. The type of injury the antitrust laws were intended to protect is injury to competition. To demonstrate antitrust injury,
 
 
 12
 a plaintiff must prove that his loss flows from an anticompetitive aspect or effect of the defendant's behavior, since it is inimical to the antitrust laws to award damages for losses stemming from acts that do not hurt competition. If the injury flows from aspects of the defendant's conduct that are beneficial or neutral to competition, there is no antitrust injury, even if the defendant's conduct is illegal per se.
 
 
 13
 Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1433 (9th Cir.) (citations omitted), cert. denied, 116 S.Ct. 515 (1995). Although conduct that eliminates rivals reduces competition, such conduct does not rise to an antitrust violation until it harms consumer welfare. Id. The Tenants fail to make an allegation of antitrust injury as increased competition and resulting lower prices alone cannot constitute such injury. See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 488 (1977) (antitrust laws were enacted to protect competition, not competitors).
 
 
 14
 As consumers, the Tenants also fail to make a sufficient allegation of antitrust injury. The Tenants allege that "as consumers of rental spaces in the market maintained by defendants, the plaintiffs have been forced to pay monopolistic over-market and discriminatory rents and rent increases, while simultaneously being precluded from any recoupment of same through re-letting because of defendants' below cost reletting practices." The Tenants, however, are not consumers in the alleged relevant market. The Tenants allege the relevant market to be the "sales market and reletting market of mobile homes and mobile home spaces," i.e., the market in which TIA and the Tenants are competitors. In the relevant market the Tenants are sellers, not buyers or consumers. The Tenants' status as consumers of TIA's rental spaces is irrelevant as the Tenants do not allege monopolization in the market in which they are consumers, i.e., the market for rental of vacant spaces alone. Instead, the Tenants only allege monopolization in the market for renting (or subletting) mobile home spaces with trailers. Accordingly, the Tenants lack standing to sue as either competitors of TIA or consumers in the relevant market.
 
 
 15
 As the Tenants lack antitrust standing, we will not address the district court's dismissal based on the Tenants' failure to state an antitrust claim.
 
 
 16
 AFFIRMED.
 
 
 
 **
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3